# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3120-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

B. H. M.,

     Defendant-Appellant.

_____

          Submitted November 16, 2020 - Decided March 22, 2021

          Before Judges Mayer and Susswein.

          On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 11-08-1485.

          Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

          Esther Suarez, Hudson County Prosecutor, attorney for respondent (Ednin D. Martinez, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from a December 20, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Judge John A. Young, Jr. entered the order and rendered a thoughtful written opinion. We affirm.

This case arises from a domestic violence incident in which defendant knocked his estranged wife unconscious and broke her eye socket. Defendant audio-recorded much of the altercation on his smartphone. The couple's young son, J.M.,[1] was present and can be heard screaming at his father in the sound recording, "why did you do that?" Defendant replied, "Because she was hitting me. I am defending myself [J.M.], okay. I am defending myself."

At trial, the jury acquitted defendant of second-degree aggravated assault (serious bodily injury), N.J.S.A. 2C:12-1(b)(1) but found him guilty of third-degree aggravated assault (significant bodily injury), N.J.S.A. 2C:12-1(b)(7), and of endangering the welfare of a child, N.J.S.A. 2C:24-4(a). He was sentenced to a four-year term of probation during which he was required to serve 270 days in the Hudson County jail. We affirmed the convictions on direct appeal. State v. B.H.M., No. A-2660-14 (App. Div. February 16, 2017).

---

[1] We use initials to protect the confidentiality of the victim in this matter. R. 1:38-3(d)(9).

Defendant raises the following argument for our consideration:

> THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM TRIAL COUNSEL REGARDING HIS FAILURE TO INTERVIEW J.M. [the couple's son] AND ASSESS HIS CREDIBILITY AS A WITNESS.[2]

We are satisfied from our review of the record that the PCR judge did not abuse his discretion in finding that defendant failed to establish a prima facie claim of ineffective assistance of counsel to warrant an evidentiary hearing. We affirm substantially for the reasons set forth in Judge Young's written opinion. We add the following remarks.

## I.

The scope of our review is limited. We review a court's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v.

---

[2] In his petition for PCR, defendant also claimed that his trial counsel did not argue self-defense in his summation. As the PCR judge noted, that contention is belied by the trial transcript, which shows that counsel argued on three occasions in his closing argument that defendant acted in self-defense. As we noted in our prior opinion, "[d]efendant admitted hitting [his estranged wife] once, but claimed he did so in self-defense." State v. B.H.M., No. A-2660-14 (App. Div. Feb. 16, 2017) (slip op. at 3). The jury, moreover, was properly instructed on that defense. Defendant does not repeat his self-defense contention in his brief on appeal and thus we deem this argument to be waived. See Morgan v. Raymours Furniture Co., Inc., 443 N.J. Super. 338, 340 n.1 (App. Div. 2016). See also State v. Smith, 43 N.J. 67, 75 (1964).

A-3120-18

Preciose, 129 N.J. 451, 462 (1992). An evidentiary hearing on a PCR petition is only required when a defendant establishes "a prima facie case in support of [PCR]," the judge determines that there are disputed issues of material fact "that cannot be resolved by reference to the existing record," and the judge finds that "an evidentiary hearing is necessary to resolve the claims for relief." R. 3:22-10(b); see also State v. Porter, 216 N.J. 343, 355 (2013). In contrast, a defendant is not entitled to an evidentiary hearing if the "allegations are too vague, conclusory, or speculative[.]" State v. Marshall, 148 N.J. 89, 158 (1997); see also Porter, 216 N.J. at 355. When determining whether to grant an evidentiary hearing, the PCR [judge] must consider the facts in the light most favorable to the defendant to determine whether defendant has established a prima facie claim. Preciose, 129 N.J. at 451, 462–63. However, a defendant must allege specific facts and evidence supporting his allegations. State v. Cummings, 321 N.J. Super. 158, 170 (1999) ("[I]n order to establish a prima facie claim, a [defendant] must do more than make bald assertions that he was denied the effective assistance of counsel.").

To establish a prima facie claim of ineffective assistance of counsel, a defendant must meet the two-prong test established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz,

105 N.J. 42, 58 (1987).  The first prong of the <u>Strickland/Fritz</u> test requires the defendant to show that his or her counsel's performance was deficient. <u>Strickland</u>, 466 U.S. at 687.  To do so, a defendant must establish that counsel's alleged acts or omissions "were outside the wide range of professionally competent assistance."  <u>Id.</u> at 690.  This requires a showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  <u>Id.</u> at 687.

The second prong of <u>Strickland</u>/<u>Fritz</u> requires the defendant to "show that the deficient performance prejudiced the defense."  <u>Ibid.</u>  The defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  <u>Id.</u> at 694. "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated."  <u>Fritz</u>, 105 N.J. at 58.

## II.

Defendant maintains he is entitled to an evidentiary hearing to substantiate his claim that trial counsel rendered ineffective assistance by failing to

investigate the potential trial testimony of his son, who was six years old at the time of the domestic violence incident. Defendant argues the child would have corroborated his self-defense argument.

The failure to conduct an adequate pretrial investigation may give rise to an ineffective assistance claim. Preciose, 129 N.J. at 461. See also Porter, 216 N.J. at 353, 357 (2013) (remanding for an evidentiary hearing when defendant made a prima facie showing of ineffective assistance based on failure to investigate an alibi defense). However, in this instance, as Judge Young emphasized, defendant has not provided an affidavit or certification as to what the child would have said if called as a witness. The PCR judge thus concluded it was mere speculation that the child's testimony would have been beneficial to defendant. We agree with Judge Young that defendant's argument is mere speculation not supported by proof in the form of an affidavit or certification.

The judge also found that trial counsel's decision not to call the child as a witness was a strategic decision within the wide range of competent professional assistance. We agree with that conclusion as well. In State v. Arthur, our Supreme Court explained that "[b]ecause of the inherent difficulties in evaluating a defense counsel's tactical decisions . . . during trial, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

6

professional assistance[.]'"  184 N.J. 307, 318–19 (2005) (quoting <u>Strickland</u>, 466 U.S. at 689).  The Court further commented, "[d]etermining which witnesses to call to the stand is one of the most difficult strategic decisions that any trial attorney must confront."  <u>Id.</u> at 320.  The Court held that "like other aspects of trial representation, a defense attorney's decision concerning which witnesses to call to the stand is 'an art,' . . . and a court's review of such a decision should be 'highly deferential.'"  <u>Id.</u> at 321 (quoting <u>Strickland</u>, 466 U.S. at 693, 689).

In these circumstances, we believe counsel's decision not to call a six-year-old boy to testify why his father struck his mother is entitled to deference under <u>Strickland</u>/<u>Fritz</u> analysis.

We likewise reject defendant's argument that we should remand to the PCR court for an evidentiary hearing "with testimony taken from trial counsel regarding his failure to contact and interview J.M. and assess his credibility as a witness."  Defendant has not presented an affidavit or certification as to what trial counsel would say if called as a witness to explain his trial strategy and pretrial preparation.  Defendant has thus failed to establish a prima facie case under the two-prong <u>Stickland</u>/<u>Fritz</u> test.  <u>See</u> <u>Cummings</u>, 321 N.J. Super. at 170.

To the extent we have not addressed them, any additional arguments raised by defendant lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3120-18